# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **DM JOHNSON FAMILY TRUST, et al.,** Plaintiff, v. **COUNTRYWIDE HOME LOANS, et al.,** Defendants | **MEMORANDUM DECISION AND ORDER** Case No. 2:09CV317DAK |

This matter is before the court on Plaintiffs' Request for a Rule 54(b) Certification of this court's Memorandum Decision and Order granting Defendant Countrywide Home Loans, Inc., and Countrywide Bank, NA's ("Countrywide Defendants") Motion to Dismiss. This court previously denied a similar request filed individually by Plaintiff Jamis Johnson. While this motion does not have the procedural irregularities of the previous motion, it does not raise any new bases for finding the requisite exigencies for Rule 54(b) certification.

As explained in the court's previous order, in a case involving multiple claims and counterclaims, Rule 54(b) allows a court to "direct the entry of a final judgment as to one or more but fewer than all claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Accordingly, an analysis of whether Rule 54(b) certification is appropriate requires the court: (1)

to determine that the order to be certified is a final judgment; and (2) to find there is no just reason to delay appellate review of the order until the conclusion of the entire case. *See Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001); *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988).

In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). The court should consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The separability requirement must be satisfied in order for the judgment to be considered "final." *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 (10th Cir. 2002); *see also Oklahoma Turnpike Auth.*, 259 F.3d at 1243.

The parties disagree as to whether there is factual overlap between the claims against Countrywide and the remaining Defendants. Countrywide argues that the Complaint demonstrates that some of the remaining claims are inextricably intertwined with the dismissed claims against Countrywide. Plaintiffs' claims revolve around the same set of facts. As such, the court concludes that the separability requirement cannot be satisfied. Moreover, in weighing the overall policy against piecemeal appeals against the exigencies of the case, the court continues to believe that few exigencies are present, if at all. Therefore, the court denies Plaintiffs' Request for a Rule 54(b) Certification [Docket No. 36].

DATED this 11th day of May, 2010.

                    BY THE COURT:

                    _____
                    DALE A. KIMBALL
                    United States District Judge